CHENANGO OYER AND TERMINER, February, 1856.  Before *Shankland*, Justice of the Supreme Court, and the Justices of the Sessions.

## THE PEOPLE *v.* BENJAMIN HARRIOT.

It is not a sufficient reason for quashing an indictment that the list of persons from which the grand jury, which found it, was drawn, contained, as originally prepared by the board of supervisors, the names of only two hundred and ninety-nine persons, instead of three hundred as required by statute.

THE prisoner was indicted for perjury, and, on being arraigned, a motion was made, on his behalf, to quash the indictment, upon the ground that the grand jury that found the indictment was drawn from a list of only two hundred and ninety-nine grand jurors, the board of supervisors of the county having prepared a list containing the names of only two hundred and ninety-nine persons, instead of three hundred, to serve as grand jurors, pursuant to the provisions of section one of article one, title four, chapter two, part four of the Revised Statutes, and that only the names of these two hundred and ninety-nine persons were put in the grand jury box.

The district attorney contended that this alleged defect, if true, did not present good cause for quashing the indictment.

*Isaac S. Newton* (District Attorney), for the people.

*Benjamin F. Rexford* and *H. Packer,* for the defendant.

SHANKLAND, P. J.—The statute commands the supervisors to select the names of three hundred men, possessed of certain qualifications, to serve as grand jurors for the ensuing year. In this case, it seems that but two hundred and ninety-nine were thus selected, and the present indictment was found by a grand jury drawn from the two hundred and ninety-nine names. We are of opinion that the

The People *v.* Harriot.

omission lies too far back to vitiate the indictment. The chances of such omission harming the prisoner are too remote to possess practical value. It depends on the following contingencies: First. That the person whose name is omitted would be alive at the time of the drawing of the grand jury and still in the county; Second. That his name would be drawn on this particular jury; that he would be summoned by the officer and should attend the court; Third. That he should be opposed to the finding of the indictment, and that his opposition would reduce the number of jurors in favor of finding a true bill to less than twelve. These contingencies reduce the chances of harm to a practical nonentity, and justly subject the alleged error to the operation of the maxim, " *The law careth not for small things.*"

Such, also, would seem to have been the views of the legislature, for they have made no provision for challenges for this cause or any other cause so far back in the process of procuring a grand jury; but they seem to have confined the defendant's challenges to the particular grand jury by whom he may be indicted, and his challenges then are specifically pointed out and all others are peremptorily prohibited.

It would seem that the omission which is complained of can have no more force than if three hundred had been duly selected by the supervisors, and it had happened that one thus selected had died, or removed, or was too old to serve; and yet, in such a case, I doubt whether any lawyer would seriously raise the objection. The three hundred selected by the board are always subject to be reduced in numbers by death, removal and other causes, and yet no provision is made for keeping up that number, unless the number be reduced to less than fifty. In short, it is not until the names are drawn from the box for the formation of the grand inquest that the defendant becomes interested

in the procedure, and at that point commences the right to challenge.

We are therefore of opinion that the objection against this indictment ought not to prevail.

Motion denied.

SUPREME COURT. Dutchess General Term, April, 1856. *Brown,* *S. B. Strong* and *Emott,* Justices.